RICHARD V. VERMAZEN (State Bar #153029)
Law Office of Richard V. Vermazen
1951 Cable Street
San Diego, CA 92107
Telephone: (619) 523-8495
Fax: (619) 523-8575

LAUREN A. RINSKY (State Bar #240012)
Ernest S. Ryder & Associates, Inc., APLC
11440 West Bernardo Court, Suite 170
San Diego, CA 92127
Telephone: (858) 674-8000
Fax (858) 674-0788

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RICHARD D. EMMERSON
AND M. HELEN EMMERSON,

        Plaintiffs,

     vs.

UNITED STATES OF AMERICA,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 08 CV 1439 W WMc

PLAINTIFFS' EX PARTE APPLICATION
TO FILE FIRST AMENDED COMPLAINT
WITH CONFIDENTIAL INFORMATION
REDACTED AND TO PLACE ORIGINAL
COMPLAINT UNDER SEAL

        Plaintiffs hereby apply to the Court ex parte for an order allowing Plaintiffs to file the

attached amended complaint with confidential information redacted (the "Amended Complaint")

and to place the Complaint filed on August 8, 2008 (the "Original Complaint") under Seal.

        This application is based on General Order No. 514 as amended which requires counsel

or parties to remove or redact personal information, including Social Security Numbers, from all

pleadings (including exhibits) filed with the District Court.  Here, the Original Complaint

includes exhibits containing the Social Security Numbers of Plaintiffs as well as the Social

Security Numbers of other individuals.  The language of the First Amended Complaint

(including exhibits) has the same language as the Original Complaint (including exhibits) except that the Social Security Numbers in the exhibits attached to the First Amended Complaint have been redacted and replaced with the following language: [REDACTED]. Granting Plaintiffs' request to file an Amended Complaint and to place the Original Complaint under Seal is necessary to comply with General Order No. 514 as amended, the policy on privacy and public access to electronic case files of the Judicial Conference of the United States, and the E-Government Act of 2002.

This application is further based on the memorandum of points and authorities and the declaration filed with this application.

Plaintiffs respectfully request that the Court allow Plaintiffs to file an Amended Complaint with confidential information redacted and to place the Original Complaint under Seal.

Dated: August 19, 2008

By: s/ Richard V. Vermazen
    Richard V. Vermazen,
    Attorney for Plaintiffs

By: s/ Lauren A. Rinsky
    Lauren A. Rinsky,
    Attorney for Plaintiffs

G:\5000s\5261\03 District Court\Ex Parte Application.doc

RICHARD V. VERMAZEN (State Bar #153029)
Law Office of Richard V. Vermazen
1951 Cable Street
San Diego, CA 92107
Telephone: (619) 523-8495
Fax: (619) 523-8575

LAUREN A. RINSKY (State Bar #240012)
Ernest S. Ryder & Associates, Inc., APLC
11440 West Bernardo Court, Suite 170
San Diego, CA 92127
Telephone: (858) 674-8000
Fax (858) 674-0788

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. EMMERSON AND M. HELEN EMMERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil No. 08 CV 1439 W WMc<br><br>[PROPOSED] FIRST AMENDED COMPLAINT FOR REFUND AND ABATEMENT OF TAX<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Richard D. Emmerson and M. Helen Emmerson, as Plaintiffs (the "Plaintiffs"), by and through their attorneys, Richard V. Vermazen and Lauren A. Rinsky, hereby allege against United States of America as Defendant (the "Defendant"), as follows:

### Nature of Complaint

1. This is a civil cause of action against the United States of America and is based upon 26 U.S.C.A. § 7422(a) which provides for actions by taxpayers for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty

claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected.

### Jurisdiction

2. The District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1346(a)(1), which provides that the District Court has shall have original jurisdiction of any civil action arising under any act of Congress providing for internal revenue and for the recovery of any internal revenue tax alleged to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected under the Internal Revenue laws.

### Venue

3. Plaintiffs, Richard D. Emmerson and M. Helen Emmerson, are citizens of the United States and reside at 4612 Rancho Reposo, Del Mar, California 92014, and therefore venue is proper in the Southern District of California.

### Procedural Facts

4. The full amount of the tax, penalties, and interest in question was paid by the Plaintiffs to the District Director of Internal Revenue at Fresno, California prior to filing a refund claim. The amounts of the penalties for the 1999 tax year plus interest paid by the Plaintiffs which are demanded to be refunded to the Plaintiffs are as follows:

| Penalty/Interest | Tax Year | Payment Amount |
|---|---|---|
| 26 U.S.C. §6651(a)(1) | 1999 | $42,003.63 |
| 26 U.S.C. §6651(a)(2) | 1999 | $14,001.21 |
| Interest Charged | 1999 | $129,609.14 |
| Interest on Overpayment | 1999 | $3,445.66 |
| | TOTAL | $189,059.64 |

Additional taxes and penalties for the 1999 tax year have been assessed were paid in full by Plaintiffs; however only penalties and interest in the amount of $189,059.64 are subject to the abatement and refund demand of Plaintiffs.

5. Subsequent to the payments set out above in paragraph 12, no further payments, refunds or credits of tax, or interest for the tax period at issue have been made.

6. On September 27, 2005, the Plaintiffs filed a timely IRS Form 843, Claim for Refund and Request for Abatement together with documentation in support of the Plaintiffs' position, attached hereto as Exhibit A and incorporated by reference, with the Internal Revenue Service for the penalties and interest paid by the Plaintiffs for the 1999 tax year.

7. On or about August 15, 2006, the Internal Revenue Service issued a letter (IRS Form LTR 854C) denying the Plaintiffs' claim for refund (see Exhibit B ).

**Relevant Facts**

8. During the year at issue, the Plaintiffs employed an accountant, Bill Boettger, CPA, to prepare and file their 1999 tax return.

9. Without extensions, the Plaintiffs 1999 tax return would have been due April 15, 2000.

10. It is not disputed that the Plaintiffs timely filed an extension with the Internal Revenue Service to extend the due date for their 1999 tax return to August 15, 2000.  Further it is not disputed that the tax return was filed on or before October 16, 2000.  The essence of the dispute is whether the Plaintiffs filed a "second extension" to extend the due date from August 15, 2000 to October 16, 2000, as October 15, 2000 was a Sunday.

11. The Plaintiffs adamantly believe that their CPA tax preparer filed a second extension, IRS Form 2688, Application for Additional Extension of Time To File U.S. Individual Income Tax Return, in a timely fashion for the Plaintiffs, requesting an extension of time until October 15, 2000, for the Plaintiffs' to file their 1999 tax return.

12. Pursuant to the second extension, the Plaintiffs filed their Form 1040 for the 1999 tax year on or before the extended due date of October 16, 2000.

13. Although the Plaintiffs have provided the Internal Revenue Service with various documents and testimony to prove that the second extension request was prepared and timely

filed, it is the position of the Internal Revenue Service that a second extension was not timely filed because the Plaintiffs have not been able to provide the Internal Revenue Service with a copy of an approved second extension from the Internal Revenue Service.

14. The Plaintiffs entered into the Internal Revenue Service's Announcement 2004-46 Settlement Initiative Program ("Settlement Initiative Program") for the 1999 tax year.  Upon completion of the settlement, the Plaintiffs were assessed additional tax of $628,329.00, as well as a 10% 26 U.S.C. §6662(a) penalty in the amount of $62,833.00, a 26 U.S.C. §6651(a)(1) late filing penalty in the amount of $42,003.63, a 26 U.S.C. §6651(a) (2) late-payment penalty in the amount of $14,001.21.21, and interest calculated continuously from April 15, 2000 through the date of the settlement.

15.  The Plaintiffs entered into the Settlement Initiative Program with the understanding that no penalties other than the 10% 26 U.S.C. §6662(a) penalty would be assessed. There was no mention of a late-payment penalty assessment.

### **Improper Actions By Defendant United States of America**

16. The assessment of a 26 U.S.C. §6651(a)(1) late-filing penalty and a 26 U.S.C. §6651(a)(2) late-payment penalty against Richard D. Emmerson and M. Helen Emmerson for the 1999 tax year was improper since a timely extension was filed with the Internal Revenue Service to extend the due date of their 1999 individual tax return from August 15, 2000 to October 16, 2000, and their 1999 individual tax return was filed on or before October 16, 2000.  Therefore, the Plaintiffs are entitled to abatement and refund of the $189,059.64 penalties and interest paid for the 1999 tax year, which amount includes interest due to the Plaintiffs of $3,445.66 on the overpayments made, calculated through September 15, 2005.

17. The assessment of a 26 U.S.C. §6651(a)(1) late-filing penalty and a 26 U.S.C. §6651(a)(2) late-payment penalty against Richard D. Emmerson and M. Helen Emmerson for the 1999 tax year was improper even if the Court concludes based upon the evidence that a valid second extension was not filed because Richard D. Emmerson and M. Helen Emmerson exercised reasonable and prudent oversight in the hiring and employment of their tax preparer, so that a failure to file a valid second extension would be excusable under a reasonable cause

4

standard. Therefore, the Plaintiffs are entitled to abatement and refund of the $189,059.64 penalties and interest paid for the 1999 tax year, which amount includes interest due to the Plaintiffs of $3,445.66 on the overpayments made, calculated through September 15, 2005.

18. The assessment of the 26 U.S.C. §6651(a)(1) late-filing penalty against Richard D. Emmerson and M. Helen Emmerson and corresponding interest calculated continuously from April 15, 2000 was improper since Richard D. Emmerson and M. Helen Emmerson timely filed an extension with the Internal Revenue Service to extend the due date for their 1999 tax return until August 15, 2000. Thus, even if the Court concludes based on the evidence that a second extension was not filed, Richard D. Emmerson's and M. Helen Emmerson's 1999 tax return would not have been "late" until after August 15, 2000. Therefore, the Plaintiffs are entitled to abatement and refund of amounts paid attributable to the 26 U.S.C. §6651(a)(1) late-filing penalty for the 1999 tax year.

19. The assessment of the 26 U.S.C. §6651(a)(2) late-payment penalty against Richard D. Emmerson and M. Helen Emmerson and corresponding interest calculated continuously from April 15, 2000 was improper since Richard D. Emmerson and M. Helen Emmerson timely filed an extension with the Internal Revenue Service to extend the due date for their 1999 tax return until August 15, 2000. Thus, even if the Court concludes based on the evidence that a second extension was not filed, Richard D. Emmerson's and M. Helen Emmerson's 1999 tax return would not have been "late" until after August 15, 2000. Therefore, the Plaintiffs are entitled to abatement and refund of amounts paid attributable to the 26 U.S.C. §6651(a)(2) late-payment penalty for the 1999 tax year.

20. The Plaintiffs have incurred and continue to incur attorneys' fees in this action.

WHEREFORE, the Plaintiff respectfully requests the following relief:

A. Judgment for Plaintiff and against the Defendant, United States of America, upon the facts and law in the total amount of $189,059.64, or such greater amount as may be legally payable, with interest thereon as provided by law;

B. Reimbursement by Defendant to Plaintiff of all of their attorneys' fees and costs in this action pursuant to 28 U.S.C. §2412(b) and 26 U.S.C. §7430;

C. Such other relief as this Court deems just and appropriate.

Dated: August 19, 2008

By: s/ Richard V. Vermazen
    Richard V. Vermazen,
    Attorney for Plaintiffs

By: s/ Lauren A. Rinsky
    Lauren A. Rinsky,
    Attorney for Plaintiffs

**List of Exhibits**

| Exibit | Page Numbers | Type of Document |
|--------|--------------|------------------|
| A | 8 to 62 | Claim for Refund and Request for Abatement (IRS Form 843 together with documentation in support of Plaintiffs' position) for tax period ending December 31, 1999. |
| B | 63 to 64 | IRS denial of Claim for Refund (IRS Form LTR 854C, dated August 14, 2006) for tax period ending December 31, 1999. |

G:\5000s\5261\03 District Court\Emmerson Complaint.doc

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*
**Do not** *use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| | | |
|---|---|---|
| Name of claimant<br>**RICHARD D. EMMERSON & M. HELEN EMMERSON** | Your SSN or ITIN<br>**[REDACTED]** | |
| Address (number, street, and room or suite no.)<br>**4612 RANCHO REPOSO** | Spouse's SSN or ITIN<br>**[REDACTED]** | |
| City or town, state, and ZIP code<br>**DEL MAR, CA 92014** | Employer identification number (EIN) | |
| Name and address shown on return if different from above<br>**SAME** | Daytime telephone number<br>( 858 ) 945-5728 | |

**1**  Period. Prepare a separate Form 843 for each tax period
From  01 / 01 / 1999  to  12 / 31 / 1999

**2**  Amount to be refunded or abated
$          189,059.64

**3a**  Type of tax, penalty, or addition to tax:
☐ Employment    ☐ Estate    ☐ Gift    ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ 6651(a)(1) & (2)

**b**  Type of return filed (see instructions):
☐ 706    ☐ 709    ☐ 940    ☐ 941    ☐ 943    ☐ 945    ☐ 990-PF    ☐ 4720    ☑ Other (specify) 1040

**4a**  Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b**  Dates of payment ▶

**5**  **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.
**SEE ATTACHED STATEMENT FOR EXPLANATION AND CALCULATION OF AMOUNT TO BE ABATED.**



**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| | |
|---|---|
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | Date 9-27-05 |
| Signature | Date 1-27-03 |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 10180R    Form **843** (Rev. 11-2002)

Richard D. & M. Helen Emmerson                                    [REDACTED]

FORM 843 – LINE 5
-----------------------------

The taxpayers entered into the Internal Revenue Service's Announcement 2004-46 Settlement Initiative Program for the 1999 tax year. Upon completion of the settlement, the taxpayers were assessed additional tax of $628,329, a 10 percent IRC Section 6662(a) penalty of $62,833, a Section 6651(a)(1) late-filing penalty of $42,003.63, a Section 6651(a)(2) late-payment penalty of $14,001.21, and interest calculated continuously from April 15, 2000 through the date of the settlement.

The taxpayers agreed with the Service's assessment of the additional tax and the 10% Section 6662(a) penalty, pursuant to the Settlement Initiative program. The taxpayers, however, do not agree with the assessment of the Section 6651(a)(1) and Section 6651(a)(2) penalties. In addition, the taxpayers believe that IRC Section 6404(g) should be in effect for the calculation of interest on the assessment. Section 6404(g) would suspend the calculation of interest after 18 months from the time the return was filed.

The taxpayers' Form 1040 for the 1999 tax year was filed by the second extended due date, October 16, 2000. It is the Service's position that no Form 2688, Application for Additional Extension of Time to File U.S. Individual Income Tax Return, was timely filed by the taxpayer. We provided the Revenue Agent with various documents to prove that the second extension request was prepared and filed and that the late-filing and late-payment penalties should be abated. The Revenue Agent rejected our documentary evidence since we did not have a copy of an approved extension and proceeded with the assessment.

Attached are the various documents we provided to the Agent as evidence of the filing of the second extension. Unfortunately, an approved extension was not received from the Internal Revenue Service. It appears that the Service itself also does not have a copy of the extension. However, based on the evidence provided, it is clear that a second extension request was prepared and mailed (timely mailing is considered timely filing).

Additionally, the taxpayers entered into the Service's Settlement Initiative program with the understanding that no penalties other than the 10% Section 6662(a) penalty would be assessed. There was no mention of a late-payment penalty assessment. The assessment of a late-payment penalty is counter to the purpose of the Service's Settlement Initiative, which was to quickly and easily resolve tax disputes related to certain transactions that the Service considered abusive.

Attached is the calculation for the abatement of the late-filing and late-payment penalty and for the abatement of the additional interest that was assessed

Richard D. & M. Helen Emmerson                              [REDACTED]

because the Service did not suspend the running of interest under Section 6404(g).

Based on the above and the calculation attached, the taxpayers are requesting abatement of $189,059.64 of penalties and interest paid for the 1999 tax year. This includes interest due to the taxpayer of $3,445.66 on the overpayments made, calculated through September 15, 2005.

Richard D. & M. Helen Emmerson

[REDACTED]

## SCHEDULE OF ATTACHMENTS TO FORM 843

1. Calculation of abatement amount.

2. Copy of Form 2688 for Richard D. and M. Helen Emmerson for the 1999 tax year.

3. Letter dated November 18, 2004 to David Catalini of the Internal Revenue Service from Bill Boettger.

4. Letter dated January 27, 2005 to David Catalini and Joseph Kennedy of the Internal Revenue Service from Ernest S. Ryder.

5. Declaration of William C. Boettger.

6. Declaration of Kimberly M. Swelgin.

7. Tax Dockets prepared by Harlan & Boettger, LLP for Robert B. Clark, James L. Kelley, Robert M. Tague, and Richard & Helen Emmerson.

8. Tax Return Transmittal/Instruction Sheets prepared by Harlan & Boettger, LLP for Robert B. Clark, James L. Kelley, Robert M. Tague, and Richard & Helen Emmerson.

9. Approved Form 2688 Extensions prepared by Harlan & Boettger, LLP for Robert B. Clark, James L. Kelley, and Robert M. Tague.

10. Billing Worksheets/Timesheets from Harlan & Boettger, LLP for Robert B. Clark, James L. Kelley, Robert M. Tague, and Richard & Helen Emmerson.

11. Form 2848, Power of Attorney and Declaration of Representative.

1

Richard D. & M. Helen Emmerson                                        [REDACTED]

Form 843
Year 1999
Calculation of abatement amount

|  | Per IRS | Per 843 | Difference |
|---|---|---|---|
| Additional tax | 628,329.00 | 628,329.00 | - |
| 6662(a) penalty | 62,833.00 | 62,833.00 | - |
| 6651(a)(1) penalty | 42,003.63 | - | (42,003.63) |
| 6651(a)(2) penalty | 14,001.21 | - | (14,001.21) |
| Interest charged | 264,930.85 | 135,321.71 | (129,609.14) |
| Interest on overpayment | - | (3,445.66) | (3,445.66) |
| Total | 1,012,097.69 | 823,038.05 | (189,059.64) |

See the attached schedule for the calculation of interest for the Form 843 Column.

```
INTEREST AND PENALTY DETAIL REPORT                                    09-21-05
Taxpayer name...: Emmerson   843 calculation                          09-21-05
Taxpayer ID#....:    [REDACTED]                                        Page 1
```

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Additional tax | 04-15-00 | 628,329.00 | 628,329.00 |
| Sec 6662(a) | 10-15-00 | 62,833.00 | 720,079.00 |
| Sec 6404(g) | 04-15-02 | | 806,713.20 |
| 2004 Jobs Act | 10-04-04 | | 806,713.20 |
| Payment | 03-30-05 | <826,596.91> | <113.20> |
| Payment | 04-22-05 | <109,815.14> | <109,928.77> |
| Payment | 07-15-05 | <75,685.64> | <187,142.73> |
| Interest Computation Date | 09-15-05 | | <189,059.64> |

(1) Balance includes any interest and penalties accrued as of the Event Date

## Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| Additional tax | 04-15-00 | | 628,329.00 | | 628,329.00 |
| Interest | 06-30-00 | 9.00 | 628,329.00 | 11,851.48 | 640,180.48 |
| Interest | 09-30-00 | 9.00 | 640,180.48 | 14,646.01 | 654,826.49 |
| Interest | 12-31-00 | 9.00 | 654,826.49 | 14,981.08 | 669,807.57 |
| Interest | 03-31-01 | 9.00 | 669,807.57 | 15,028.51 | 684,836.08 |
| Interest | 06-30-01 | 8.00 | 684,836.08 | 13,794.80 | 698,630.88 |
| Interest | 09-30-01 | 7.00 | 698,630.88 | 12,434.71 | 711,065.59 |
| Interest | 12-31-01 | 7.00 | 711,065.59 | 12,656.03 | 723,721.62 |
| Interest | 03-31-02 | 6.00 | 723,721.62 | 10,785.82 | 734,507.44 |
| Interest | 04-15-02 | 6.00 | 734,507.44 | 1,813.20 | 736,320.64 |
| Sec 6404(g) | 04-15-02 | | | | 736,320.64 |
| Interest | 06-30-02 | 6.00 | 736,320.64 | | 736,320.64 |
| Interest | 09-30-02 | 6.00 | 736,320.64 | | 736,320.64 |
| Interest | 12-31-02 | 6.00 | 736,320.64 | | 736,320.64 |
| Interest | 03-31-03 | 5.00 | 736,320.64 | | 736,320.64 |
| Interest | 06-30-03 | 5.00 | 736,320.64 | | 736,320.64 |
| Interest | 09-30-03 | 5.00 | 736,320.64 | | 736,320.64 |
| Interest | 12-31-03 | 4.00 | 736,320.64 | | 736,320.64 |
| Interest | 03-31-04 | 4.00 | 736,320.64 | | 736,320.64 |
| Interest | 06-30-04 | 5.00 | 736,320.64 | | 736,320.64 |
| Interest | 09-30-04 | 4.00 | 736,320.64 | | 736,320.64 |
| Interest | 10-04-04 | 5.00 | 736,320.64 | | 736,320.64 |
| 2004 Jobs Act | 10-04-04 | | | | |
| Interest | 12-31-04 | 5.00 | 736,320.64 | 8,904.75 | 745,225.39 |
| Interest | 03-30-05 | 5.00 | 745,225.39 | 9,140.61 | 754,366.00 |
| Payment | 03-30-05 | | <754,479.20> | | <113.20> |
| Interest | 03-31-05 | 5.00 | <113.20> | <0.02> | <113.22> |
| Interest | 04-22-05 | 6.00 | <113.22> | <0.41> | <113.63> |
| Payment | 04-22-05 | | <109,815.14> | | <109,928.77> |
| Interest | 07-15-05 | 6.00 | <109,928.77> | <1,528.32> | <111,457.09> |
| Payment | 07-15-05 | | <75,685.64> | | <187,142.73> |

INTEREST AND PENALTY DETAIL REPORT                                    005.1
Taxpayer name...: Emmerson   843 calculation                       09-21-05
Taxpayer ID#....: [REDACTED]                                        Page 2

Interest Detail
------------------------------------------------------------------------------
Event              Date     Rate        Base       Interest        Balance
------------------------------------------------------------------------------
Interest         09-15-05   6.00   <187,142.73>   <1,916.91>    <189,059.64>


Interest on Penalties
------------------------------------------------------------------------------
Event              Date     Rate        Base       Interest        Balance
------------------------------------------------------------------------------
Sec 6662(a)      10-15-00           62,833.00                    62,833.00
Interest         12-31-00   9.00    62,833.00     1,200.89       64,033.89
Interest         03-31-01   9.00    64,033.89     1,436.73       65,470.62
Interest         06-30-01   8.00    65,470.62     1,318.79       66,789.41
Interest         09-30-01   7.00    66,789.41     1,188.76       67,978.17
Interest         12-31-01   7.00    67,978.17     1,209.92       69,188.09
Interest         03-31-02   6.00    69,188.09     1,031.13       70,219.22
Interest         04-15-02   6.00    70,219.22       173.34       70,392.56
Sec 6404(g)      04-15-02
Interest         06-30-02   6.00    70,392.56                    70,392.56
Interest         09-30-02   6.00    70,392.56                    70,392.56
Interest         12-31-02   6.00    70,392.56                    70,392.56
Interest         03-31-03   5.00    70,392.56                    70,392.56
Interest         06-30-03   5.00    70,392.56                    70,392.56
Interest         09-30-03   5.00    70,392.56                    70,392.56
Interest         12-31-03   4.00    70,392.56                    70,392.56
Interest         03-31-04   4.00    70,392.56                    70,392.56
Interest         06-30-04   5.00    70,392.56                    70,392.56
Interest         09-30-04   4.00    70,392.56                    70,392.56
Interest         10-04-04   5.00    70,392.56                    70,392.56
2004 Jobs Act    10-04-04
Interest         12-31-04   5.00    70,392.56       851.30       71,243.86
Interest         03-30-05   5.00    71,243.86       873.85       72,117.71
Payment          03-30-05          <72,117.71>                        0.00
Interest         03-31-05   5.00                                      0.00
Interest         09-15-05   6.00                                      0.00

INTEREST AND PENALTY DETAIL REPORT                    TaxInterest Version 2005.1
Taxpayer name...: Emmerson.    843 calculation                        09-21-05
Taxpayer ID#....:  [REDACTED]                                         Page 3

```
--------------------------- Summary as of 09-15-05 --------------------------
                      Amount        Payments      Deposits         Balance
Tax                628,329.00    <813,942.98>         0.00     <185,613.98>
Interest           126,037.00    <126,037.00>         0.00            0.00
Refund interest     <3,445.66>           0.00         0.00       <3,445.66>
Penalty interest     9,284.71      <9,284.71>         0.00            0.00
Entered penalties   62,833.00     <62,833.00>         0.00            0.00
-----------------------------------------------------------------------------
Totals             823,038.05  <1,012,097.69>         0.00     <189,059.64>
=============================================================================
```

Prepared using: FEDERAL       IRS interest rates
Table end date: 06-30-05      USER Table

**2**

OMB No. 1545-0066

Form **2688**

**Application** **for Additional Extension of Time To File**
**U.S. Individual Income Tax Return**

▶ See instructions on back.
▶ You MUST complete all items that apply to you.

**1999**

Department of the Treasury
Internal Revenue Service

| | | |
|---|---|---|
| Please type or print. | Your first name and initial | Last name | Your social security number |

**Please type or print.**

Your first name and initial: **RICHARD D**  Last name: **EMMERSON**

Your social security number: [REDACTED]

If a joint return, spouse's first name and initial: **M. HELEN**  Last name: **EMMERSON**

Spouse's social security number: [REDACTED]

Home address (number and street): **4612 RANCHO REPOSO**

**File by the due date for filing your return.**

City, town, or post office, state, and ZIP code: **DEL MAR, CA  92014**

**Please fill in the Return Label at the bottom of this page.**

1. I request an extension of time until ___ **OCTOBER 15 2000** ___ , to file Form 1040EZ, Form 1040A, Form 1040, Form 1040NR-EZ, or Form 1040NR for the calendar year 1999, or other tax year ending ___ , ___ .

2. Explain why you need an extension. You must give an adequate explanation ▶ **ADDITIONAL TIME IS NEEDED TO GATHER THE INFORMATION NECESSARY TO FILE A COMPLETE AND ACCURATE RETURN.**

3. Have you filed Form 4868 to request an automatic extension of time to file for this tax year? . . . . . . . . [X] Yes  [ ] No
   If you checked "No," we will grant your extension only for undue hardship. Fully explain the hardship in item 2. Attach any information you have that helps explain the hardship.

**If you expect to have to file a gift or generation-skipping transfer (GST) tax return, complete line 4.**

4. If you or your spouse plan to file a gift or GST return (Form 709 or 709-A) for 1999, generally due by April 17, 2000, see the instructions and check here . . . . . . . . . . . . . . . . . . } Yourself . . . ▶ [ ]  Spouse . . . . ▶ [ ]

**Signature and Verification**

Under penalties of perjury, I declare that I have examined this form, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete; and, if prepared by someone other than the taxpayer, that I am authorized to prepare this form.

Signature of taxpayer ▶ _____  Date ▶ _____

Signature of spouse ▶ _____  Date ▶ _____
(if filing jointly, BOTH must sign even if only one had income).

Signature of preparer other than taxpayer ▶ _____  Date ▶ _____

Please fill in the Return Label below with your name, address, and social security number. The IRS will complete the **Notice to Applicant** and return it to you. If you want it sent to another address or to an agent acting for you, enter the other address and add the agent's name.

(Do not detach)

**Notice to Applicant**

**To Be Completed by the IRS**

[ ] We **HAVE** approved your application.
[ ] We **HAVE NOT** approved your application. However, we have granted a 10-day grace period to_____. This grace period is considered a valid extension of time for elections otherwise required to be made on a timely return.
[ ] We **HAVE NOT** approved your application. After considering the information you provided in item 2 above, we cannot grant your request for an extension of time to file. We are not granting a 10-day grace period.
[ ] We cannot consider your application because it was filed after the due date of your return.
[ ] Other _____

_____
Director

_____
Date

**Return Label**
(Please type or print)

Taxpayer's name (and agent's name, if applicable). If a joint return, also give spouse's name.
**HARLAN & BOETTGER LLP**
**RICHARD D EMMERSON & M. HELEN EMMERSON**

Taxpayer's social security number: [REDACTED]

Number and street (include suite, room, or apt. no.) or P.O. box number
**5415 OBERLIN DRIVE**

Spouse's social security number: [REDACTED]

City, town, or post office, state, and ZIP code
**SAN DIEGO, CA  92121**

**AGENTS:**
Always include taxpayer's name on Return Label.

For Privacy Act and Paperwork Reduction Act Notice, see back of form.

Form **2688** (1999)

IA
4500 1.000

M66448 C358

**3**

SENT VIA FAX - (781) 835-4001

November 18, 2004

To: David Catalini
    Internal Revenue Agent

Re: Richard and Helen Emmerson
    Tax Year: 1999

Dear David:

Got your voice message that you left yesterday and I am a little surprised. You sent us your portion of the papers relating to the Emmersons on November 1, 2004 and I thought we had till November 30, 2004 to get the signed papers back to you.

I realize that the issue that I am questioning is the assertion of the late filing penalty and I told you that we were attempting to find the Emmerson's 1999 file. The firm is in the process of moving and the 1999 file was temporarily misplaced. I also believe Dave Gibbs has relayed this same message to you.

Regardless, we have found the missing file and I am happy to report that a second extension application was filed on August 15, 2000 for the Emmersons. As a matter of fact I was the one who signed the application as per the copy of our tax docket that I am enclosing. Further, I am enclosing a copy of the instruction sheet that was sent to the client when we sent them their 1999 tax returns which shows the due date of the return to be October 16, 2000. Had no second extension been requested, the instructions would have noted to file the return as soon as possible. The file does not contain a copy of the extension request since the approved extension would have been attached to the filed return.

Our firm's policy for the preparation of tax returns, extensions, etc. was as follows:

A preparer would be assigned to prepare the item,

A reviewer would be assigned to review the item,

The completed item would be given to the partner for the final review and signature,

And the item would be sent to the client for their signature and filing.

In the case of extensions without any tax due, we (the firm) would prepare, sign and file the extension request from our office. If the extension were due within five days of when prepared, a person would be sent to the post office and deposit the envelope in the mail.

Page 2, David Catalini, IRS Agent

The firm's procedures for preparing and filing the Emmerson's second extension were followed based on the docket. The docket indicates that the extension application was prepared, reviewed and signed and sent to the IRS. I was the person who signed the extension application on August 15 and sent it directly to the IRS. The envelope with the extension would have been deposited in the mail at the main post office. (I can't say I took this envelope to the Post Office on August 15, 2000 but I did take the mail to the Post Office on many April 15, June 15, August 15, Sept. 15 and Oct 15 – so I could have taken this envelope to the Post Office.)

Hopefully this is sufficient to cover this issue. If it is not, please tell me what additional information you need in order to eliminate the assertion of this penalty.

Sorry that we have not been able to talk this past week or so as my schedule for the last few weeks has been hectic. I will be out of the office tomorrow (Nov 19) morning till 8:30 or 9:00 – client meeting - and then be gone to another client meeting around 11:00 AM back in the late afternoon. If you call and I am not here, please leave a message and we will talk on Monday, Nov 22.

Thanks,   Bill Boettger

4

LAW OFFICES
OF
# ERNEST S. RYDER & ASSOCIATES, INC.
### A PROFESSIONAL LAW CORPORATION

11440 WEST BERNARDO COURT, SUITE 170
SAN DIEGO, CALIFORNIA 92127
TELEPHONE (858) 674-8000
FAX (858) 674-0788



January 27, 2005

Mr. David Catalini                    *Via Facsimile (781) 835-4001& US Mail*
Mr. Joseph Kennedy
INTERNAL REVENUE SERVICE
One Montvale Avenue, Group 1745
Stoneham, MA 02180-3565

    Re:   <u>Richard & Helen Emmerson</u>
          <u>1999 Tax Year</u>

Dear Mr. Catalini and Mr. Kennedy,

    We are writing to demonstrate that the accounting firm of Harlan & Boettger timely filed an IRS Form 2688 for Richard and Helen Emmerson on August 15, 2000. Based upon our prior discussions, you have asked us to provide some evidence that an extension was in fact prepared, processed and timely filed.

    Since a copy of the Emmerson's approved extension is not available, we asked Mr. Boettger to review his files for other clients for whom the firm filed extensions on or about August 15, 2000, so that we could demonstrate a course of conduct which should convince you that the extension was in fact prepared, processed and timely filed. In this regard, Mr. Boettger provided us with documentation for the following three clients other than the Emmersons:

    1.    Robert B. Clark
    2.    James L. Kelley
    3.    Robert M. Tague

Mr. David Catalini
Mr. Joseph Kennedy
Internal Revenue Service
January 27, 2005
Page 2

Enclosed herewith please find copies of approved IRS Forms 2688 for these other three clients of the accounting firm.

With these copies in hand, you know in fact that these extensions were prepared, processed and timely filed with the IRS, since the IRS approved each extension and returned them to either the firm or the taxpayer. By providing you with copies of these extensions and the other materials described below, we can demonstrate a course of conduct that should convince you that an extension was in fact prepared, processed and timely filed for the Emmersons. As you can see, each of these extensions was signed by Mr. Boettger on either August 14, 2000 or August 15, 2000.

As we understand, when the accounting firm prepares a tax form, it starts with a document referred to internally as a "Tax Docket". The Tax Docket is a document included in each client's file to track the work in progress for each tax form which is prepared and processed by the firm. Generally, each person who works on the project indicates his or her involvement, the date of that involvement and an identification of the task performed (in this case, the preparation of the IRS Form 2688, the second request for an extension of time to file the return). Each Tax Docket is dated and signed contemporaneously with the completion of the task performed.

For each of the three other clients identified above, enclosed herewith please find a copy of the relevant Tax Docket which in each case was signed contemporaneously by Mr. Boettger at the time he signed the extension, and which further indicates that the extension was sent to the IRS. In each case, you know in fact that the Tax Docket is true and correct since you have in hand a copy of the relevant approved extension to which the Tax Docket relates. Similarly, enclosed herewith is the Tax Docket for the

Mr. David Catalini
Mr. Joseph Kennedy
Internal Revenue Service
January 27, 2005
Page 3

Emmersons which is dated and signed by Mr. Boettger, and indicates that the extension was sent to the IRS on August 15, 2000.

In addition, for each of the three other clients identified above, enclosed please find a copy of the Billing Worksheet/Timesheet which indicates that an extension was prepared by a member of the firm. Again, you know in fact that the Billing Worksheet/Timesheet is true and correct since you have in hand a copy of the approved extension for each client. Similarly, enclosed herewith is a Billing Worksheet/Timesheet for the Emmersons which also indicates that the extension was prepared and processed on August 15, 2000.

Please note that the dates on each approved extension, and the relevant Tax Docket and Billing Worksheet/Timesheet all correspond and are consistent for each client as performed on either August 14, 2000 or August 15, 2000. Similarly, the dates for the Emmersons on their Tax Docket and their Billing Worksheet/Timesheet correspond and are consistent with the task being performed on August 15, 2000.

As we have discussed, based upon our actual experience, it is not unusual for an extension request which is timely filed to not be returned by the IRS with an approval, so it was not considered unusual for an approved extension to not be returned to the Emmersons.

Further, consistent with an extension being filed for each of the three other clients identified above, enclosed please find the transmittal/filing instruction sheet that went to each client with the final IRS Form 1040 return as prepared by the firm. Please note that each instruction sheet states:

"File your signed return by October 15 [or October 16] ..."

Mr. David Catalini
Mr. Joseph Kennedy
Internal Revenue Service
January 27, 2005
Page 4

This is the language that is included on the instruction sheet for each client of the firm when an extension has been filed, whether or not an approved extension is returned by the IRS. Mr. Boettger has advised us that when an extension has not been filed, the instruction sheet would state:

> "File your signed return as soon as possible..."

In this regard, enclosed also please find the instruction sheet which accompanied the return for the Emmersons. You will note that the instruction sheet reads:

> "File your signed return by October 16 ..."

Just like the three other client situations where you know the extensions were in fact filed since you have a copy of the approved extensions in hand, you should have the confidence that the accounting firm's course of conduct from the Tax Docket through the Billing Worksheet/Timesheet to the filing instruction sheet all show that similarly an extension was timely filed for the Emmersons.

Finally, enclosed herewith please find a declaration under penalty of perjury executed by Mr. Boettger to the effect that he did in fact sign an IRS Form 2688 and that the firm mailed the form to the IRS on August 15, 2000.

Accordingly, we believe that we have demonstrated by a preponderance of this documentary evidence, which includes concurrent and consistent, contemporaneous documentation, that the accounting firm of Harlan & Boettger prepared, processed and timely filed an IRS Form 2688 for the Emmersons. We believe by a preponderance of this documentary evidence that either the extension was not delivered by the

Mr. David Catalini
Mr. Joseph Kennedy
Internal Revenue Service
January 27, 2005
Page 5


US Postal Service to the IRS, or that the IRS failed to process the extension and return it to the Emmersons. We trust you agree with this conclusion and will not impose any late filing penalty, as well as not accrue any interest beyond the Section 6404(g) time period.

In adopting the penalty provisions to the Internal Revenue Code, Congress was interested in imposing sanctions upon those who willfully disregard or neglect their filing and payment responsibilities and not those who through no fault of their own file their tax returns late. No social or national interest would be served in imposing a penalty in this situation. Accordingly, we feel that any late filing was due to reasonable cause and not to willful disregard or neglect, and that no penalty should be imposed, nor should any additional interest be accrued beyond the Section 6404(g) time period. We trust that you agree with our conclusions.

If you have any questions or comments, or need additional information, please do not hesitate to contact us.

With kindest regards,

ERNEST S. RYDER & ASSOCIATES, INC.
A Professional Law Corporation

Ernest S. Ryder

Enclosures
cc: William C. Boettger, CPA
G:\5000s\5261\01\IRS Ltr.wpd

Page 27
Exhibit A

**5**

# DECLARATION UNDER PENALTY OF PERJURY

## FOR

## WILLIAM C. BOETTGER

DECLARATION OF SIGNOR OF FORM 2688

**To whom** it may concern:

**Under** penalties of perjury, I, William C. Boettger, declare that on **August 15, 2000** I **reviewed**, signed, inserted in an envelope addressed to the Internal Revenue Service, **Fresno, CA 93888** and placed in the outgoing mail at the offices of Harlan & Boettger, LLP the **form** 2688, Application for Additional Extension of Time to File U.S. Individual **Income Tax** Return, for Richard and Helen Emmerson for the tax year 1999.

**Further,** I declare that on August 15, 2000 all mail that was addressed to the Internal **Revenue** Service was deposited at the Main Post Office located on Midway Drive in San **Diego, CA** at approximately 5:00 PM.

I **declare that** this statement is true, correct and complete.

William C. Boettger
**January 19, 2005**

6

# DECLARATION
## OF
## KIMBERLY M. SWELGIN

The undersigned, KIMBERLY M. SWELGIN, hereby declares the following:

1. I was employed by the accounting firm of Harlan & Boettger from 1990 until March 2003. I started as a receptionist and in 1993 was promoted to the position of Administrative Assistant, responsible for processing tax returns; I was the only person in that position. During June 2000, I graduated from San Diego State University with a Bachelor of Arts Degree in Economics.

2. I specifically recall that at approximately 4:30 p.m. on August 15, 2000, William C. Boettger, CPA walked down the stairs of our two story office building to the mail station where I worked and exclaimed "Don't leave until I give you the Emmerson extension ." I then went back to my desk in the mail station area and waited. Shortly thereafter, Mr. Boettger handed me the Emmerson extension in a sealed envelope. I immediately added a stamp to the envelope (I did not use a postage machine), and took the envelope along with an armful of other mail, including other extensions and tax returns, and drove in my Red Honda Civic to the main post office on Midway Drive in San Diego and deposited them all in the drive-thru mail box on or about 5:30 p.m.

3. I specifically recall these events because at that moment in time I was aware and consciously thinking that it would be the last extension and the last time I would have to work on a rush deadline for any tax season, since I was in the process of looking elsewhere for employment, and did not expect to continue working for Harlan & Boettger. My major was in Economics, not Accounting. Nevertheless, I did continue to work for Harlan & Boettger after my graduation and after August 15, 2000, but in

the audit department rather than the tax department. I never had to work a busy tax season again, consistent with my conscious and concurrent thoughts during August 15, 2000.

4. Before I left the offices of Harlan & Boettger to drive to the post office on August 15, 2000, I called my good friends Mikie and Kenra Meyer to let them know that I might be running late since we all planned on having dinner in order to celebrate Mikie's birthday, which was the next day August 16, 2000. After depositing the extension in the drive-thru mail box, I drove to Old Town, San Diego to have dinner at the El Fandango Restaurant. During dinner at the El Fandango Restaurant, we had specific discussions regarding my trip to the post office and the fact that it would be the last time I would have to do so for any busy tax season.

5. When Mr. Boettger mentioned the Emmerson extension, I knew personally who Mr. Emmerson was. While I was a receptionist, Mr. Emmerson would come into the office and I would recognize and greet him. I also knew who Mr. Emmerson was since Debbie Thompson, CPA, a former employee of Harlan & Boettger, went to work for Mr. Emmerson and his company. I knew Mr. Emmerson had a company known as Emmerson Enterprises, Inc. I knew Mr. Emmerson was one of the firm's most valued clients. In addition, I knew Mr. Emmerson lived in Del Mar since I delivered a document package to his house where Debbie Thompson, CPA was then working. I was very familiar with the name Emmerson.

6. I am willing to testify in Tax Court under oath to this effect, if necessary.

IN WITNESS HEREOF, I hereby declare under penalty and perjury that the foregoing is true and correct. Executed at San Diego, California this 2 4th day of May, 2005.

KIMBERLY M. SWELGIN
Page 33
Exhibit A

G:\EMMERSON LETTER.wpd

**JURAT**

State of _California_

County of _San Diego_ } ss.

DE AUN CASTRO
Commission # 1337077
Notary Public - California
San Diego County
My Comm. Expires Jan 1, 2008

Subscribed and sworn to (or affirmed) before me

this _24th_ day of _May_ , _2005_ by
    Date       Month       Year

(1) _Kimberly M. Swelgin_
                Name of Signer(s)

(2) _____
                Name of Signer(s)

_De Aun Castro_
Signature of Notary Public

──────────── **OPTIONAL** ────────────

*Though the information in this section is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Declaration_

Document Date: _May 24, 2005_  Number of Pages: _2_

Signer(s) Other Than Named Above: _N/A_

RIGHT THUMBPRINT
OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT
OF SIGNER #2
Top of thumb here

**7**

# TAX DOCKETS

## FOR

Robert B. Clark
James L. Kelley
Robert M. Tague
Richard & Helen Emmerson

TAXPAYER: R. Brent Clark
Address: _____

Control Log No. _____
Entity I. ___ C ___ P ___ T ___ O ___
Client No. _____
To sign Return _____
Phone: Business _____ Home _____
To sign Letter _____
Planned Delivery Date _____
Filing Date _____ 1st Extension date _____ 2nd extension date _____

Form required:

| | By hand | Computer |
|---|---|---|
| Federal | _____ | _____ |
| Federal est. | _____ | _____ |
| California | _____ | _____ |
| CA estimate | _____ | _____ |
| Non-resident | _____ | ✓ |
| Extensions | _____ | _____ |
| Gift Tax | _____ | _____ |
| Estate Tax | _____ | _____ |
| Letter | ✓ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Processing:

( ) Attach labels    ( ) Attach AJE's
( ) Attach extensions ( ) Attach W-2's
( ) Return data to client
( ) Attach federal forms to:
    California, _____,
( ) Type ( ) Form _____ ( ) Pg.1 ( ) Pg.2
         ( ) All _____

SPECIAL PROCESSING INSTRUCTIONS:

_____
_____
_____
_____

ITEMS TO NOTE:

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____

BLUE PENCIL CHANGES:

( ) Filing Instructions ( ) Fed ( ) CA
                        ( ) est inst.

| Federal | California |
|---|---|
| ( ) Page 1 | ( ) Page 1 |
| ( ) Page 2 | ( ) Page 2 |

Form or Schedule No.:
_____
_____

Statement No.:
_____
_____

SUMMARY OF RESPONSIBILITY

| | Respon-sibility | Initial Complete | Actual Date | Budget Hours | EXPLANATION OF SIGNIFICANT VARIATION FROM BUDGET: |
|---|---|---|---|---|---|
| Interview | | | | | |
| Budget analysis | | | | | |
| Preparation | | | | | |
| Review | | | | | |
| Input | | | | | |
| Approval Review | | | | | |
| Fast Tax check | | | | | |
| Processed | | | | | |
| Subsequent chgs | | | | | |
| ...gned | | | | | |
| ...livered | | | 8/18/00 | | |
| TIME | | | | | |

FOR YEAR ENDED 1999

...RIPTION _____

TAXPAYER: Kelley

Address: _____

Phone: Business _____ Home _____

Filing Date _____ 1st Extension date _____

Control Log No. _____
Entity I V C P T O
Client No: 194-00
To sign Return WCB
To sign Letter ✓
Planned Delivery Date _____
2nd extension date _____

## Form required:

|  | By hand | Computer |
|---|---|---|
| Federal | _____ | _____ |
| Federal est. | _____ | _____ |
| California | _____ | _____ |
| CA estimate | _____ | _____ |
| Non-resident | _____ | ✓ |
| Extensions | _____ | _____ |
| Gift Tax | _____ | _____ |
| Estate Tax | _____ | _____ |
| Letter | _____ | ✓ |

## Processing:

( ) Attach labels     ( ) Attach AJE's
( ) Attach extensions ( ) Attach W-2's
( ) Return data to client
( ) Attach federal forms to:
    California, _____
( ) Type ( ) Form _____ ( ) Pg.1 ( ) Pg.2
         ( ) All

### SPECIAL PROCESSING INSTRUCTIONS:

## ITEMS TO NOTE:

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____

### BLUE PENCIL CHANGES:

( ) Filing Instructions ( ) Fed ( ) CA
                        ( ) est inst.

| Federal | California |
|---|---|
| ( ) Page 1 | ( ) Page 1 |
| ( ) Page 2 | ( ) Page 2 |

Form or Schedule No.:

Statement No.:

## SUMMARY OF RESPONSIBILITY

| | Respon-sibility | Initial Complete | Date | Actual Hours | Budget Hours | EXPLANATION OF SIGNIFICANT VARIATION FROM BUDGET: |
|---|---|---|---|---|---|---|
| Interview | | | | | | |
| Budget analysis | | | | | | |
| Preparation | RK | RK | 7/4/30J | | | |
| Review | | | | | | |
| Input | | | | | | |
| Approval Review | | JM | 8/14 | | | |
| Fast Tax check | | | | | | |
| Processed | | | | | | |
| Subsequent chgs | | | | | | |
| Return signed | | | | | | |
| Mailed/delivered | | WCB | 8/15 | SENT TO IRS 8/15/00 | | |
| TOTAL TIME | | | | | | |

FOR YEAR ENDED 12/31/2000

DESCRIPTION Form 1098-EXT

TAXPAYER: R&B Tague
Address: _____

Phone: Business _____ Home _____

Filing Date _____ 1st Extension date _____

Control Log No. _____
Entity I__ C__ P__ T__ O__
Client No: _____
To sign Return _____
To sign Letter _____
Planned Delivery Date _____
2nd extension date _____

---

| Form required: | By hand | Computer |
|---|---|---|
| Federal | | ✓ |
| Federal est. | | |
| California | | |
| CA estimate | | |
| Non-resident | | ✓ |
| Extensions | | ✓ |
| Gift Tax | | |
| Estate Tax | | |
| Letter | | |
| ____ | | |
| ____ | | |
| ____ | | |

Processing:

( ) Attach labels      ( ) Attach AJE's
( ) Attach extensions ( ) Attach W-2's
( ) Return data to client
( ) Attach federal forms to:
   California, _____ , _____
( ) Type ( ) Form_____ ( ) Pg.1 ( ) Pg.2
   ( ) All _____

SPECIAL PROCESSING INSTRUCTIONS:

_____
_____
_____
_____

---

ITEMS TO NOTE:

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____

BLUE PENCIL CHANGES:

( ) Filing Instructions ( ) Fed ( ) CA
                        ( ) est inst.

| Federal | California |
|---|---|
| ( ) Page 1 | ( ) Page 1 |
| ( ) Page 2 | ( ) Page 2 |

Form or Schedule No.:
_____
_____

Statement No.:
_____
_____

---

SUMMARY OF RESPONSIBILITY

| | Respon-sibility | Initial Complete | Date | Actual Hours | Budget Hours | EXPLANATION OF SIGNIFICANT VARIATION FROM BUDGET: |
|---|---|---|---|---|---|---|
| Interview | | | | | | |
| Budget analysis | | | | | | |
| Preparation | | | | | | |
| Review | | | | | | |
| Input | | | | | | |
| Approval Review | | | | | | |
| Fast Tax check | | | | | | |
| Processed | | | | | | |
| Subsequent chgs | | | | | | |
| ...gned | WCG | | | | | |
| ...livered | | | 8/15/00 | SENT to IRS 8/15/00 | | |
| ...TIME | | | | | | |

FOR YEAR ENDED _____ 1992 _____

...RIPTION _____ 2 Ext _____

TAX DOCKET

TAXPAYER: R. Emmerson

Address: _____

Phone: Business _____ Home _____

Filing Date _____ 1st Extension date _____

Control Log No. _____
Entity I _ C _ P _ T _ O _
Client No: _____
To sign Return _____
To sign Letter _____
Planned Delivery Date _____
2nd extension date _____

Form required:

| | By hand | Computer |
|---|---|---|
| Federal | | |
| Federal est. | | |
| California | | |
| CA estimate | | |
| Non-resident | | |
| Extensions | | X |
| Gift Tax | | |
| Estate Tax | | |
| Letter | | |
| | | |
| | | |
| | | |
| | | |

Processing:

( ) Attach labels      ( ) Attach AJE's
( ) Attach extensions ( ) Attach W-2's
( ) Return data to client
( ) Attach federal forms to:
       California, _____
( ) Type ( )Form _____ ( )Pg.1 ( )Pg.2
          ( )All _____

SPECIAL PROCESSING INSTRUCTIONS:

_____
_____
_____
_____

ITEMS TO NOTE:

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____

BLUE PENCIL CHANGES:

( ) Filing Instructions ( ) Fed ( ) CA
                         ( ) est inst.

| Federal | California |
|---|---|
| ( ) Page 1 | ( ) Page 1 |
| ( ) Page 2 | ( ) Page 2 |

Form or Schedule No.:

_____  _____
_____  _____

Statement No.:

_____  _____
_____  _____

SUMMARY OF RESPONSIBILITY

| | Respon-sibility | Initial Complete | Date | Actual Hours | Budget Hours | EXPLANATION OF SIGNIFICANT VARIATION FROM BUDGET: |
|---|---|---|---|---|---|---|
| Interview | | | | | | |
| Budget analysis | | | | | | |
| Preparation | | | | | | |
| Review | WG | | | | | |
| Input | | | | | | |
| Approval Review | | | | | | |
| Fast Tax check | | | | | | |
| Processed | | | | | | |
| Subsequent chgs | | | | | | |
| Return signed | WG | | 8/15/00 | | | AW, JBS |
| Mailed/Delivered | | | | | | 8/15/00 |
| TOTAL TIME | | | | | | |

FOR YEAR ENDED _____ 1999

DESCRIPTION _____ Second Extension

**8**

# TRANSMITTAL/INSTRUCTION SHEETS

## FOR

Robert B. Clark
James L. Kelley
Robert M. Tague
Richard & Helen Emmerson

HARLAN & BOETTGER, LLP
CERTIFIED PUBLIC ACCOUNTANTS
5415 OBERLIN DRIVE
SAN DIEGO, CA  92121


ROBERT B. & CAROL M. CLARK
Instructions For Filing Form
1040
U.S. Individual Income Tax Return for 1999

**Signature..**
    The original return should be signed (use full name) and dated on
    page 2 by the taxpayer and spouse.

**Overpayment..**
    Your return shows a $17,942. overpayment. Of this amount, $7,442.
    will be refunded to you and $10,500. has been applied to your 2000
    estimated tax.

**Filing..**
    File your signed return by October 16, 2000 with:

Internal Revenue Service Center
Fresno, CA  93888-0102

HARLAN & BOETTGER, LLP
CERTIFIED PUBLIC ACCOUNTANTS
5415 OBERLIN DRIVE
SAN DIEGO, CA  92121


JAMES L. KELLEY & ELIZABETH A. KELLEY
Instructions For Filing Form
1040
U.S. Individual Income Tax Return for 1999

Signature..
    The original return should be signed (use full name) and dated on
    page 2 by the taxpayer and spouse.

Payment of Tax..
    A check or money order payable to the "United States Treasury"
    in the amount of $12,395. should be enclosed with the return and the
    1040-V payment voucher.  Your social security number and "1999 Form
    1040" should be written on your check or money order.

    The amount payable to the IRS includes:
        Tax .......................................... $     11,498.
        Penalty on underpayment of estimated tax ........ $        26.
        Penalty for failure to pay 90% of the balance due  $       345.
        Interest ...................................... $       526.
                                                         ------------
        Total amount due to the IRS .................... $     12,395.
                                                         ============

Filing..
    File your signed return by October 16, 2000 with:

Internal Revenue Service Center
P.O. Box 60000
Los Angeles, CA  90060-6000

HARLAN & BOETTGER, LLP
CERTIFIED PUBLIC ACCOUNTANTS
5415 OBERLIN DRIVE
SAN DIEGO, CA  92121


ROBERT N. TAGUE
Instructions For Filing Form
1040
U.S. Individual Income Tax Return for 1999

**Signature..**
The original return should be signed (use full name) and dated on
page 2 by the taxpayer.

**Payment of Tax..**
A check or money order payable to the "United States Treasury"
in the amount of $20,178. should be enclosed with the return and the
1040-V payment voucher.  Your social security number and "1999 Form
1040" should be written on your check or money order.

The amount payable to the IRS includes:
```
Tax ........................................... $     17,993.
Penalty on underpayment of estimated tax ........ $        827.
Penalty for failure to pay 90% of the balance due  $        540.
Interest ...................................... $        818.
                                                 ------------
Total amount due to the IRS .................... $     20,178.
                                                 ============
```

**Filing..**
File your signed return by October 15, 2000 with:

Internal Revenue Service Center
P.O. Box 60000
Los Angeles, CA  90060-6000

HARLAN & BOETTGER, LLP
CERTIFIED PUBLIC ACCOUNTANTS
5415 OBERLIN DRIVE
SAN DIEGO, CA  92121


RICHARD D. & M. HELEN EMMERSON
Instructions For Filing Form
1040
U.S. Individual Income Tax Return for 1999

Signature..
    The original return should be signed (use full name) and dated on
    page 2 by the taxpayer and spouse.

Overpayment..
    Your return shows a $157,846. overpayment. Of this amount, $157,846.
    will be refunded to you and NONE has been applied to your 2000
    estimated tax.

Filing..
    File your signed return by October 16, 2000 with:

                    Internal Revenue Service Center
                         Fresno, CA  93888-0102

Exhibit A

APPROVED EXTENSIONS

FOR

Robert B. Clark
James L. Kelley
Robert M. Tague

Form **2688**

Department of the Treasury
Internal Revenue Service

**Application for Additional Extension of Time To File U.S. Individual Income Tax Return**

▶ See instructions on back.
▶ You MUST complete all items that apply to you.

OMB No. 1545-0066

**1999**

| Please type or print. | Your first name and initial | Last name | Your social security number |
|---|---|---|---|
| | ROBERT B | CLARK | [REDACTED] |
| File by the due date for filing your return. | If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| | CAROL M | CLARK | [REDACTED] |
| | Home address (number and street) | | |
| | P.O. BOX 2332 | | |
| | City, town, or post office, state, and ZIP code | | |
| | RANCHO SANTA FE, CA 92067 | | |

**Please fill in the Return Label at the bottom of this page.**

1. I request an extension of time until ___OCTOBER 16, 2000___ , to file Form 1040EZ, Form 1040A, Form 1040, Form 1040NR-EZ, or Form 1040NR for the calendar year 1999, or other tax year ending _____ , _____

2. Explain why you need an extension. You must give an adequate explanation ▶ _____
ADDITIONAL TIME IS NEEDED TO GATHER THE INFORMATION NECESSARY TO FILE A COMPLETE AND ACCURATE RETURN.

3. Have you filed Form 4868 to request an automatic extension of time to file for this tax year? . . . . . . . . [X] Yes [ ] No
If you checked "No," we will grant your extension only for undue hardship. Fully explain the hardship in item 2. Attach any information you have that helps explain the hardship.

**If you expect to have to file a gift or generation-skipping transfer (GST) tax return, complete line 4.**

4. If you or your spouse plan to file a gift or GST tax return (Form 709 or 709-A) for 1999, generally due by April 17, 2000, see the instructions and check here . . . . . . . . . . . . . . . . Yourself . . . ▶ [ ]  Spouse . . . ▶ [ ]

**Signature and Verification**

Under penalties of perjury, I declare that I have examined this form, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete; and, if prepared by someone other than the taxpayer, that I am authorized to prepare this form.

Signature of taxpayer ▶ _____ Date ▶ _____

Signature of spouse ▶ _____ Date ▶ _____
(if filing jointly, BOTH must sign even if only one had income)

Signature of preparer other than taxpayer ▶ *William C Boettger CPA* Date ▶ 8/14/00

Please fill in the Return Label below with your name, address, and social security number. The IRS will complete the Notice to Applicant and return it to you. If you want it sent to another address or to an agent acting for you, enter the other address and add the agent's name.

(Do not detach)

**Notice to Applicant**

**To Be Completed by the IRS**

[ ] We HAVE approved your application.
[ ] We HAVE NOT approved your application. However, we have granted a 10-day grace period to _____ . This grace period is considered a valid extension of time for elections otherwise required to be made on a timely return.
[ ] We HAVE NOT approved your application. After considering the information provided in item 2 above, we cannot grant your request for an extension of time to file. We are not granting a 10-day grace period.
[ ] We cannot consider your application because it was filed after the due date of your return.
[ ] Other

EXTENSION TO FILE
APPROVED
IRS CENTER
PROCESSING CENTER

Director _____ Date _____

| Return Label (Please type or print) | Taxpayer's name (and agent's name, if applicable). If a joint return, also give spouse's name. | Taxpayer's social security number |
|---|---|---|
| | HARLAN & BOETTGER LLP | [REDACTED] |
| | ROBERT B & CAROL M CLARK | |
| | Number and street (include suite, room, or apt. no.) or P.O. box number | Spouse's social security number |
| | 5415 OBERLIN DRIVE | [REDACTED] |
| | City, town, or post office, state, and ZIP code | AGENTS: |
| | SAN DIEGO, CA 92121 | Always include taxpayer's name on Return Label. |

For Privacy Act and Paperwork Reduction Act Notice, see back of form.

Form **2688** (1999)

10 1.000

G02980 C358

011199-A1 0199-01          3

Form **2688**

Department of the Treasury
Internal Revenue Service

## Application for Additional Extension of Time To File U.S. Individual Income Tax Return

▶ See instructions on back.
▶ You MUST complete all items that apply to you.

OMB No. 1545-0066

**1999**

| Please type or print. | Your first name and initial | Last name | Your social security number |
|---|---|---|---|
| | JAMES L | KELLEY | [REDACTED] - |
| | If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| | ELIZABETH A | KELLEY | [REDACTED] |

File by the due date for filing your return.

Home address (number and street)
3111 KELLOGG STREET

City, town, or post office, and ZIP code
SAN DIEGO, CA  92106

**Please fill in the Return Label at the bottom of this page.**

1  I request an extension of time until ___OCTOBER 16 2000___ to file Form 1040EZ, Form 1040A, Form 1040, Form 1040NR-EZ, or 1040NR for the calendar year 1999, or other tax year ending _____ , _____

2  Explain why you need an extension. You must give an adequate explanation ▶ _____
ADDITIONAL TIME IS NEEDED TO GATHER THE INFORMATION NECESSARY TO FILE
A COMPLETE AND ACCURATE RETURN. _____

3  Have you filed Form 4868 to request an automatic extension of time to file for this tax year? . . . . . . . [X] Yes [ ] No
If you checked "No," we will grant your extension only for undue hardship. Fully explain the hardship in item 2. Attach any information you have that helps explain the hardship.

**If you expect to have to file a gift or generation-skipping transfer (GST) tax return, complete line 4.**

4  If you or your spouse plan to file a gift or GST tax return (Form 709 or 709-A) for 1999, generally due by April 17, 2000, see the instructions and check here . . . . . . . . . . . . . . . . . . . } Yourself . . . ▶ [ ]
Spouse . . . . ▶ [ ]

### Signature and Verification

Under penalties of perjury, I declare that I have examined this form, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete; and, if prepared by someone other than the taxpayer, that I am authorized to prepare this form.

Signature of taxpayer ▶ _____  Date ▶ _____

Signature of spouse ▶ _____  Date ▶ _____
(if filing jointly, BOTH must sign even if only one had income)

Signature of preparer other than taxpayer ▶ _Willi C Boettger CPA_  Date ▶ 8/15/00

Please fill in the Return Label below with your name, address, and social security number. The IRS will complete the Notice to Applicant and return it to you. If you want it sent to another address or to an agent acting for you, enter the other address and add the agent's name.

Notice to Applicant

To Be Completed by the IRS

[✓] We HAVE approved your application.
[ ] We HAVE NOT approved your application. However, we have granted a 10-day grace period to _____
considered a valid extension of time for elections otherwise required to be made on a timely return.
[ ] We HAVE NOT approved your application. After considering the information you provided in item 2,
we cannot grant your request for an extension of time to file. We are not granting the 10-day grace period.
[ ] We cannot consider your application because it was filed after the due date of your return.
[ ] Other _____

EXTENSION TO FILE
APPROVED
This grace period is
INTERNAL REVENUE SERVICE DIRECTOR
OGDEN SUBMISSION
PROCESSING CENTER

Director _____  Date _____

| Return Label (Please type or print) | Taxpayer's name (and agent's name, if applicable). If a joint return, also give spouse's name. | Taxpayer's social security number |
|---|---|---|
| | HARLAN & BOETTGER LLP | [REDACTED] |
| | JAMES L KELLEY & ELIZABETH A KELLEY | |
| | Number and street (include suite, room, or apt. no.) or P.O. box number | Spouse's social security number |
| | 5415 OBERLIN DRIVE | [REDACTED] |
| | City, town, or post office, state, and ZIP code | AGENTS: |
| | SAN DIEGO, CA  92121 | Always include agent's name on Return Label. |

For Privacy Act and Paperwork Reduction Act Notice, see back of form.

Form **2688** (1999)

1500 1.000

Form **2688**

Department of the Treasury
Internal Revenue Service

**Application for Additional Extension of Time To File U.S. Individual Income Tax Return**

► See instructions on back.
► You MUST complete all items that apply to you.

OMB No. 1545-0066

**1999**

| | | |
|---|---|---|
| Please type or print. | Your first name and initial **ROBERT N** | Last name **TAGUE** | Your social security number **[REDACTED]** |
| | If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| File by the due date for filing your return. | Home address (number and street) | | |
| | City, town, or post office, state, and ZIP code | | |

### Please fill in the Return Label at the bottom of this page.

1  I request an extension of time until ___ OCTOBER 16 2000 _____ to file Form 1040EZ, Form 1040A, Form 1040, Form 1040NR-EZ, or Form 1040NR for the calendar year 1999, or other tax year ending _____ , _____ .

2  Explain why you need an extension. You must give an adequate explanation _____
ADDITIONAL TIME IS NEEDED TO GATHER THE INFORMATION NECESSARY TO FILE
A COMPLETE AND ACCURATE RETURN.
_____

3  Have you filed Form 4868 to request an automatic extension of time to file for this tax year? . . . . . . . . [X] Yes [ ] No
If you checked "No," we will grant your extension only for undue hardship. Fully explain the hardship in item 2. Attach any information you have that helps explain the hardship.

**If you expect to have to file a gift or generation-skipping transfer (GST) tax return, complete line 4.**

4  If you or your spouse plan to file a gift or GST tax return (Form 709 or 709-A) for 1999, generally } Yourself . . . . ► [ ]
due by April 17, 2000, see the instructions and check here . . . . . . . . . . . . . . . . . . Spouse . . . . ► [ ]

### Signature and Verification

Under penalties of perjury, I declare that I have examined this form, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete; and, if prepared by someone other than the taxpayer, that I am authorized to prepare this form.

Signature of taxpayer ► _____    Date ► _____

Signature of spouse ► _____    Date ► _____
(if filing jointly, BOTH must sign even if only one had income)

Signature of preparer other than taxpayer ► *C. William C. Boettger CPA*    Date ► 8/15/00

Please fill in the Return Label below with your name, address, and social security number. The IRS will complete the Notice to Applicant and return it to you. If you want it sent to another address or to an agent acting for you, enter the other address and add the agent's name.

---

**(Do not detach)**

| | |
|---|---|
| Notice to Applicant | [✓] We HAVE approved your application. |
| | [ ] We HAVE NOT approved your application. |
| | However, we have granted a 10-day grace period to_____. This grace period is |
| To Be | considered a valid extension of time for elections otherwise required to be made on a timely return. |
| | [ ] We HAVE NOT approved your application. After considering the information you provided above, |
| Completed | we cannot grant your request for an extension of time to file. We are not granting a 10-day grace period. |
| by the IRS | [ ] We cannot consider your application because it was filed after the due date of your return. |
| | [ ] Other _____ |

*EXTENSION TO FILE APPROVED*

*DIRECTOR*

_____
Director                                Date

| | | |
|---|---|---|
| Return Label (Please type or print) | Taxpayer's name (and agent's name, if applicable). If a joint return, also give spouse's name. **HARLAN & BOETTGER LLP** **ROBERT N TAGUE** | Taxpayer's social security number **[REDACTED]** |
| | Number and street (include suite, room, or apt. no.) or P.O. box number **5415 OBERLIN DRIVE** | Spouse's social security number |
| | City, town, or post office, state, and ZIP code **SAN DIEGO, CA  92121** | AGENTS: Always include agent's name on Return Label. |

For Privacy Act and Paperwork Reduction Act Notice, see back of form.

Form **2688** (1999)

500 1,000

CAHORN C358

3

**10**

BILLING WORKSHEET/TIMESHEETS

FOR

Robert B. Clark
James L. Kelley
Robert M. Tague
Richard & Helen Emmerson

Aug 24, 2000          1:33:35 PM

Harlan & Boettger, LLP

# Billing WorkSheet By Bill Manager
Boettger, Bill (2)
For the Period: 1/1/1990 - 8/15/2000

Page: 62

**019901**
Robert & Carol Clark (0)

| | Phone | 702 898-9748 | FYE | Dec | WIP | 92.50 | Progress | 0.00 | Net WIP | 92.50 | A/R Balance | 0.00 |

## Work In Progress - Robert & Carol Clark (0) -

Tax   Ind   223 Extensions

| | Memo | | | | Cost | Hours | Amount |
|---|---|---|---|---|---|---|---|
| Boettger | 8/15/2000 | | | | 0.00 | 0.50 | 92.50 |
| | Ind Totals: | | | | 0.00 | 0.50 | 92.50 |
| | Tax Totals: | | | | 0.00 | 0.50 | 92.50 |
| | Totals: | | | | 0.00 | 0.50 | 92.50 |
| | 019901 Totals: | | | | 0.00 | 0.50 | 92.50 |

## Service Code Summary
BY SERVICE CODE

Tax   Ind   223   Extensions

| Cur Yr History | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Production | 0.00 | 0.00 | 0.00 | 135.00 | 0.00 | 0.00 | 0.00 | 92.50 | 0.00 | 0.00 | 0.00 | 0.00 | 227.50 |
| Billing | 0.00 | 0.00 | 0.00 | 65.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 65.00 |
| Payments | -600.00 | 0.00 | -500.00 | 0.00 | -65.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -1165.00 |

NO AR AGING as of 8/15/2000

| | Current | 31-60 | 61-90 | 91-120 | Over 120 | Balance |
|---|---|---|---|---|---|---|
| WIP AGING as of 8/15/2000 | | | | | | |
| Robert & Carol Clark (0) | 92.50 | 0.00 | 0.00 | 0.00 | 0.00 | 92.50 |

Page 53
Exhibit A

Aug 24, 2000   1:33:35 PM

Page: 59

# Harlan & Boettger, LLP
## Billing WorkSheet By Bill Manager
### Boettger, Bill (2)
For the Period: 1/1/1990 - 8/15/2000

| | Phone | | FYE | WIP | Progress | Net WIP | A/R Balance |
|---|---|---|---|---|---|---|---|
| | | | Dec | 24.00 | 0.00 | 24.00 | 0.00 |

## 018400
James & Elizabeth Kelley (0)

### Work In Progress - James & Elizabe (0) -

Tax   Ind   223 Extensions          Dauz

| Memo | | | | Cost | Hours | Dec | Amount |
|---|---|---|---|---|---|---|---|
| 8/14/2000 | | | | 0.00 | 0.50 | 0.00 | 24.00 |
| Ind Totals: | | | | 0.00 | 0.50 | | 24.00 |
| Tax Totals: | | | | 0.00 | 0.50 | 0.00 | 24.00 |
| Totals: | | | | 0.00 | 0.50 | 0.00 | 24.00 |
| 018400 Totals: | | | | 0.00 | 0.50 | 0.00 | 24.00 |

## Service Code Summary
### BY SERVICE CODE

| | Tax | Ind | 223 | Extensions | | | |
|---|---|---|---|---|---|---|---|

| Cur Yr History | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Production | 0.00 | 0.00 | 0.00 | 667.50 | 922.50 | 0.00 | 0.00 | 24.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1604.00 |
| Billing | 0.00 | 0.00 | 0.00 | 700.00 | 0.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1100.00 |
| Payments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -700.00 | -400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -1100.00 |

## NO AR AGING as of 8/15/2000

| | Current | 31-60 | 61-90 | 91-120 | Over 120 | Balance |
|---|---|---|---|---|---|---|
| WIP AGING as of 8/15/2000 | | | | | | |
| James & Elizabeth Kelley (0) | 24.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 |

Page 54
Exhibit A

Aug 24, 2000    1:33:35 PM

Harlan & Boettger, LLP

# Billing WorkSheet By Bill Manager

Boettger, Bill (2)
For the Period: 1/1/1990 - 8/15/2000

Page: 61

## 019008
### Robert Tague (0)

| | Phone | | | FYE | WIP | Progress | Net WIP | A/R Balance |
|---|---|---|---|---|---|---|---|---|
| | | | | Dec | 16.25 | 0.00 | 16.25 | 0.00 |

### Work In Progress - Robert Tague (0) -

Tax    Ind    223 Extensions    Kinnard

**Memo**

8/14/2000

| | | Cost | Hours | Amount |
|---|---|---|---|---|
| | | 0.00 | 0.25 | 16.25 |
| Ind Totals: | | 0.00 | 0.25 | 16.25 |
| Tax Totals: | | 0.00 | 0.25 | 16.25 |
| Totals: | | 0.00 | 0.25 | 16.25 |
| 019008 Totals: | | 0.00 | 0.25 | 16.25 |

## Service Code Summary

### BY SERVICE CODE

| | Tax | Ind | 223 | Extensions | | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | |

| Cur Yr History | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Production | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.25 | 0.00 | 0.00 | 0.00 | 0.00 | 16.25 |
| Billing | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Payments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

### NO AR AGING as of 8/15/2000

| WIP AGING as of 8/15/2000 | Current | 31-60 | 61-90 | 91-120 | Over 120 | Balance |
|---|---|---|---|---|---|---|
| Robert Tague (0) | 16.25 | 0.00 | 0.00 | 0.00 | 0.00 | 16.25 |

Page 55
Exhibit A

Aug 24, 2000   1:33:37 PM

Page: 86

# Harlan & Boettger, LLP
## Billing WorkSheet By Bill Manager
Boettger, Bill (2)
For the Period: 1/1/1990 - 8/15/2000

**034900**
Richard & M. Helen Emmer (0)

| | Phone | FYE | WIP | Progress | Net WIP | A/R Balance |
|---|---|---|---|---|---|---|
| | 619 792-5728 | Dec | 191.55 | 0.00 | 191.55 | 0.00 |

**Work In Progress - Richard & M. He (0) -**

Expen   Exp   802 Courier charges

| | | | Memo | Cost | Hours | Amount |
|---|---|---|---|---|---|---|
| | Boettger | 7/20/2000 | | 0.00 | 0.00 | 6.55 |
| | | | Exp Totals: | 0.00 | 0.00 | 6.55 |
| | | | Expen Totals: | 0.00 | 0.00 | 6.55 |

Tax   Ind   223 Extensions

| | | | | Cost | Hours | Amount |
|---|---|---|---|---|---|---|
| | Boettger | 8/15/2000 | | 0.00 | 1.00 | 185.00 |
| | | | Ind Totals: | 0.00 | 1.00 | 185.00 |
| | | | Tax Totals: | 0.00 | 1.00 | 185.00 |
| | | | Totals: | 0.00 | 1.00 | 185.00 |
| | | | 034900 Totals: | 0.00 | 1.00 | 191.55 |

## Service Code Summary
BY SERVICE CODE

| | Expen   Exp   802 | Courier charges |
|---|---|---|
| | Tax   Ind   223 | Extensions |

| Cur Yr History | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Production | 0.00 | 555.00 | 379.25 | 1102.50 | 556.74 | 0.00 | 320.05 | 185.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3098.54 |
| Billing | 0.00 | 600.00 | 0.00 | 900.00 | 600.00 | 0.00 | 335.00 | 185.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2435.00 |
| Payments | -175.00 | 0.00 | -600.00 | 0.00 | -900.00 | -600.00 | 0.00 | -335.00 | 0.00 | 0.00 | 0.00 | 0.00 | -2610.00 |

**NO AR AGING as of 8/15/2000**

| | Current | 31-60 | 61-90 | 91-120 | Over 120 | Balance |
|---|---|---|---|---|---|---|
| WIP AGING as of 8/15/2000 | 191.55 | 0.00 | 0.00 | 0.00 | 0.00 | 191.55 |

Richard & M. Helen Emmer (0)

Page 56
Exhibit A

**11**

Oct-05-2005 02:26pm  From-MURPHY PEARSON BRADLEY FEENEY              T-650  P.002/003  F-815

| Form **2848** | Power of Attorney | OMB No. 1545-0150 |
|---|---|---|
| (Rev. March 2004) | and Declaration of Representative | For IRS Use Only |
| Department of the Treasury | ▶ Type or print. ▶ See the separate instructions. | Received by: |
| Internal Revenue Service | | Name _____ Telephone _____ Function _____ Date __/__/__ |

**Part I** Power of Attorney
Caution: Form 2848 will not be honored for any purpose other than representation before the IRS.

**1   Taxpayer Information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| RICHARD D. EMMERSON<br>M. HELEN EMMERSON<br>4612 RANCHO REPOSO<br>DEL MAR, CA 92014-4201 | [REDACTED]<br><br>[REDACTED] | |
| | Daytime telephone number<br>( ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| DAVID M. GIBBS<br>4180 RUFFIN ROAD, SUITE 235<br>SAN DIEGO, CA 92123 | CAF No. 0200-73109R ........ SSN<br>Telephone No. ...... 858-635-2000<br>Fax No. ...... 858-571-2700<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| ARTHUR PEARSON<br>88 KEARNEY STREET, 10TH FLOOR<br>SAN FRANCISCO, CA 94108 | CAF No. 9000-20000T ........ SSN<br>Telephone No. ...... 415-788-1900<br>Fax No. ...... 415-393-8087<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| Name and address | CAF No. ........ SSN<br>Telephone No. ......<br>Fax No. ......<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3   Tax matters**

| Type of Tax (Income, Employment, Excise, etc.)<br>or Civil Penalty (see the instructions for line 3) | Tax Form Number<br>(1040, 941, 720, etc.) | Year(s) or Period(s)<br>(see the instructions for line 3) |
|---|---|---|
| INCOME | 1040 | 1999, 2000, 2001 |
| THE ACTS AUTHORIZED BY THIS POWER OF<br>ATTORNEY INCLUDE REPRESENTATION FOR THE<br>PURPOSES OF SUBCHAPTER C OF CHAPTER 63<br>OF THE INTERNAL REVENUE CODE. | | |

**4   Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific uses not recorded on CAF. . . . . . . . . . . ▶ ☐

**5   Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

Exceptions. An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See Unenrolled Return Preparer on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ................................
............................................................................................................................................................
............................................................................................................................................................
............................................................................................................................................................

**6   Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

For Privacy Act and Paperwork Reduction Notice, see page 4 of the instructions.      Cat. No. 11980J      Form **2848** (Rev. 3-2004)

Oct-05-2006  02:27pm    From-MURPHY PEARSON BRADLEY FEENEY                    T-850   P.003/003  F-815

Page 2

Form 2848 (Rev. 3-2004)

7  **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.
a   If you also want the second representative listed to receive a copy of notices and communications, check this box  . . ▶ ☐
b   If you do not want any notices or communications sent to your representative(s), check this box  . . . . . . . . . ▶ ☐

8  **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here.  . . . . . . . . . . . . . . ▶ ☑
   **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9  **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested; otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.
   ▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| | | |
|---|---|---|
| ___R A D S___ | 9.27-06 | _____ |
| Signature | Date | Title (if applicable) |

RICHARD D. EMMERSON    ☐☐☐☐☐
Print Name             PIN Number      Print name of taxpayer from line 1 if other than individual

| | | |
|---|---|---|
| ___M. Helen Emmerson___ | 9-27-05 | _____ |
| Signature | Date | Title (if applicable) |

M. HELEN EMMERSON    ☐☐☐☐☐
Print Name             PIN Number

## Part II    Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:
- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  a  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
  b  Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  c  Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  d  Officer—a bona fide officer of the taxpayer's organization.
  e  Full-Time Employee—a full-time employee of the taxpayer.
  f  Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  g  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
  h  Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See Unenrolled Return Preparer on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED. See the Part II instructions.**

| Designation—Insert above letter (a–h) | Jurisdiction (state) or Identification | Signature | Date |
|---|---|---|---|
| B | CA | | 9/27/05 |
| A | CA | | 9/27/05 |

Form 2848 (Rev. 3-2004)

Page 59
Exhibit A

10/09/2003  15:12    781835 701          SBSE STONEHAM                    PAGE  02

COMPLETED
MAMIC CAF DEPT

| Form **2848**<br>(Rev. January 2002)<br>Department of the Treasury<br>Internal Revenue Service | **Power of Attorney**<br>**and Declaration of Representative** OCT 1 0 2003<br>► See the separate instructions. | OMB No. 1545-0150<br>For IRS Use Only<br>Received by:<br>Name D. CATALINI<br>Telephone (720) 835 4088<br>Function EXAM<br>Date 10 9 03 |

**Part I**  Power of Attorney (Type or print.)

**1  Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address<br><br>Richard D. & M. Helen Emmerson<br>4612 Rancho Reposo<br>Del Mar, CA 92014-4201 | Social security number(s)<br>[REDACTED]<br>[REDACTED] | Employer identification number |
| | Daytime telephone number<br>(     ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2  Representative(s)** must sign and date this form on page 2, Part II.

| Name and address WILLIAM C. BOETTGER<br>5415 OBERCAN DR.<br>SAN DIEGO, CA 92121 | CAF No. 9000-43150<br>Telephone No. 858-535-2000<br>Fax No. 858-535-7015<br>Check if new: Address ☐    Telephone No. ☐ |
| Name and address<br>ERNEST S. RYDER<br>101 WEST BROADWAY, SUITE 1460<br>SAN DIEGO, CALIFORNIA 92101 | CAF No. ............<br>Telephone No. 619-233-7000<br>Fax No. 619-233-1214<br>Check if new: Address ☐    Telephone No. ☐ |
| Name and address | CAF No. ............<br>Telephone No. ............<br>Fax No. ............<br>Check if new: Address ☐    Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3  Tax matters**

| Type of Tax (Income, Employment, Excise, etc.)<br>or Civil Penalty (See the instructions for line 3.) | Tax Form Number<br>(1040, 941, 720, etc.) | Year(s) or<br>Period(s) |
|---|---|---|
| INCOME TAXES | 1040 | December 31, 1999 |
| "The acts authorized by this power of attorney<br>include representation for the purposes of<br>Subchapter C of Chapter 63 of the Internal Revenue<br>Code." | 1040, 1065, 1120S | December 31, 1999 |

**4  Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific uses not recorded on CAF . . . . . . . ► ☐

**5  Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for Line 5. Acts authorized.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ..........................
....................................................................................................................................
....................................................................................................................................

**Note:** In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.

**Note:** The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.

**6  Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ►

For Paperwork Reduction and Privacy Act Notice, see the separate instructions.    Cat. No. 11980J    Form **2848** (Rev. 1-2002)

PAGE 03

10/09/2003  15:12    7818354031                    SBSE STONEHAM

Form 2848 (Rev. 1-2002)

7  Notices and communications. Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.
   a  If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ► ☐
   b  If you also want the second representative listed to receive a copy of such notices and communications, check this box. ► ☐
   c  If you do not want any notices or communications sent to your representative(s), check this box  .  .  .  .  .  .  ► ☐
8  Retention/revocation of prior power(s) of attorney. The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here.  .  .  .  .  .  .  .  .  .  .  ► ☐
   YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.
9  Signature of taxpayer(s). If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.
   ► IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

| _(signature)_ | 10-1-03 | |
| Signature | Date | Title (if applicable) |
| Richard Emmerson | | |
| Print Name | | |
| _(signature)_ | 10-1-03 | |
| Signature | Date | Title (if applicable) |
| M. Helen Emmerson | | |
| Print Name | | |

**Part II**    Declaration of Representative

Caution: Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.

Under penalties of perjury, I declare that:
• I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
• I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
• I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
• I am one of the following:
   a  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
   b  Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
   c  Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
   d  Officer—a bona fide officer of the taxpayer's organization.
   e  Full-Time Employee—a full-time employee of the taxpayer.
   f  Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
   g  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
   h  Unenrolled Return Preparer—an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

► IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation—insert above letter (a–h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
| --- | --- | --- | --- |
| b | CPA-CA | _(signature)_ | 9/30/03 |
| a | CADUF | _(signature)_ | 9.30.2003 |

Form 2848 (Rev. 1-2002)

 **IRS** Department of the Treasury
Internal Revenue Service
PO BOX 236
MEMPHIS   TN   38101-0236

71073514697480566173

In reply refer to:  0342120946
Aug. 14, 2006   LTR 105C  E1
   [REDACTED]   199912 30 000    1
                                00074
                          BODC: SB

RICHARD D & M HELEN EMMERSON
% DAVID M GIBBS
5415 OBERLIN DR
SAN DIEGO  CA  92121-1716

CERTIFIED MAIL

    Taxpayer Identification Number:    [REDACTED]
                  Kind of Tax:  1040
    Date of Claim(s) Received:  Mar. 16, 2006
                  Tax Period :  Dec. 31, 1999

                    WE COULDN'T ALLOW YOUR CLAIM

Dear Richard & Helen Emmerson:

WHY WE'RE SENDING YOU THIS LETTER
This letter is your notice that we've disallowed your claim for
credit for the period shown above.

WHY WE CANNOT ALLOW YOUR CLAIM
We have enclosed Form 886-A, Explanations of Items, to explain the
reason for disallowance of claim.

IF YOU DISAGREE

You have the right to appeal our decision to disallow your claim.
You may represent yourself before Appeals.  You may have an attorney,
certified public accountant, or person enrolled to practice before
the Internal Revenue Service represent you.  To have someone
represent you, attach Form 2848, Power of Attorney and Declaration
of Representative, (or similar written power of attorney) to your
written statement.

You may request a small dollar case appeal for a disallowed claim
that is less than $25,000 or prepare a formal protest for a
disallowed claim over $25,000.

To request a small dollar case appeal for a claim, do the following:
    1.  State that you want to appeal.
    2.  List the disallowed items you disagree with and why you don't
        agree with each item.
    3.  Provide your name, address, taxpayer identification number,
        daytime telephone number, and a copy of this letter.
    4.  Mail your appeal request to the address shown on this letter.

```
                                                              0342120946
                                   Aug. 14, 2006   LTR 105C  E1
                                        [REDACTED]     199912 30 000    1
                                                                  00076
```

RICHARD D & M HELEN EMMERSON
% DAVID M GIBBS
5415 OBERLIN DR
SAN DIEGO  CA  92121-1716


Court having jurisdiction or with the United States Claims Court.
These courts are part of the judiciary branch of the federal
government and have no connection with the Internal Revenue Service.

The law permits you to do this within 2 years from the date of this
letter.  If you decide to appeal our decision first, the 2-year period
still begins from the date of this letter.  However, if you signed
an agreement that waived your right to the notice of disallowance
(Form 2297), the period for filing suit begins on the date you filed
the waiver.

You may request an appeal, a hearing, or a meeting to disagree with
any examination action.  However, we will not allow an appeal in
cases of failure or refusal to comply with tax laws because of moral,
religious, political, constitutional, conscientious, or similar
grounds.

HOW TO CONTACT US

If you have any questions, please call us toll free at 1-800-829-8374.

If you prefer, you may write to us at the address shown at the top
of the first page of this letter.

Whenever you write, please include this letter and, in the spaces
below, give us your telephone number with the hours we can reach you.
Also, you may want to keep a copy of this letter for your records.

Telephone Number (    )_____  Hours_____

RICHARD V. VERMAZEN (State Bar #153029)
Law Office of Richard V. Vermazen
1951 Cable Street
San Diego, CA 92107
Telephone: (619) 523-8495
Fax: (619) 523-8575

LAUREN A. RINSKY (State Bar #240012)
Ernest S. Ryder & Associates, Inc., APLC
11440 West Bernardo Court, Suite 170
San Diego, CA 92127
Telephone: (858) 674-8000
Fax (858) 674-0788

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RICHARD D. EMMERSON
AND M. HELEN EMMERSON,

          Plaintiffs,

    vs.

UNITED STATES OF AMERICA

      Defendant.

Civil No. 08 CV 1439 W WMc

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFFS' EX PARTE APPLICATION
TO FILE FIRST AMENDED COMPLAINT
WITH CONFIDENTIAL INFORMATION
REDACTED AND TO PLACE ORIGINAL
COMPLAINT UNDER SEAL

I. INTRODUCTION.

       The Judicial Conference of the United States has adopted a national policy on privacy

and public access to electronic case files.  This policy was adopted by the United States District

Court Southern District of California in General Order No. 514.  Plaintiffs seek an order

allowing Plaintiffs to file an amended complaint with confidential information redacted (the

"Amended Complaint") and to place the Complaint filed on August 8, 2008 (the "Original

Complaint") under Seal.  Plaintiffs file this action to comply with General Order No. 514, the

policy on privacy and public access to electronic case files of the Judicial Conference of the United States, and the E-Government Act of 2002.

II. ARGUMENT.

The Judicial Conference of the United States has adopted a national policy on privacy and public access to electronic case files. This policy was adopted by the United States District Court Southern District of California in General Order No. 514, which has since been amended by General Order No. 514-A, General Order No. 514-B, General Order No. 514-C, and General Order No. 514-D. The policy was adopted "to protect personal privacy of litigants appearing in the United States Courts" and "places the responsibility on counsel, the parties, or any other party preparing or filing a document not to include, or to redact, personal information from the document." *See* General Order No. 514-A.

Pursuant to General Order No. 514 as amended, unless otherwise ordered by the Court, counsel or parties shall be required to remove or redact personal information, including Social Security Numbers, from all pleadings (including exhibits) filed with the District Court, whether filed electronically or in paper. Pursuant to General Order No. 514-C, a party wishing to file a document containing personal data identifiers, such as Social Security Numbers, may file an unredacted document under seal. The "unredacted document shall be retained by the court as part of the record" and "the court may, however, still require the party to file a redacted copy for the public file."

Here, the Original Complaint includes exhibits containing the Social Security Numbers of Plaintiffs as well as the Social Security Numbers of other individuals. The language of the First Amended Complaint (including exhibits) has the same language as the Original Complaint (including exhibits) except that the Social Security Numbers in the exhibits attached to the First Amended Complaint have been redacted and replaced with the following language: [REDACTED]. Granting Plaintiffs' request to file an Amended Complaint and to place the Original Complaint under Seal is necessary to for Plaintiffs to comply with General Order No. 514 as amended, the policy on privacy and public access to electronic case files of the Judicial Conference of the United States, and the E-Government Act of 2002.

III. CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' Ex Parte Application to File an Amended Complaint with Confidential Information Redacted and to Place the Original Complaint under Seal.

Dated: August 19, 2008

By: s/ Richard V. Vermazen
Richard V. Vermazen,
Attorney for Plaintiffs

By: s/ Lauren A. Rinsky
Lauren A. Rinsky,
Attorney for Plaintiffs

G:\5000s\5261\03 District Court\P & A in Support of Ps' Ex Parte Application.doc

RICHARD V. VERMAZEN (State Bar #153029)
Law Office of Richard V. Vermazen
1951 Cable Street
San Diego, CA 92107
Telephone: (619) 523-8495
Fax: (619) 523-8575

LAUREN A. RINSKY (State Bar #240012)
Ernest S. Ryder & Associates, Inc., APLC
11440 West Bernardo Court, Suite 170
San Diego, CA 92127
Telephone: (858) 674-8000
Fax (858) 674-0788

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. EMMERSON AND M. HELEN EMMERSON,<br><br>      Plaintiffs,<br><br>     vs.<br><br>UNITED STATES OF AMERICA<br><br>     Defendant. | Civil No. 08 CV 1439 W WMc<br><br>DECLARATION OF RICHARD V. VERMAZEN IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION TO FILE FIRST AMENDED COMPLAINT WITH CONFIDENTIAL INFORMATION REDACTED AND TO PLACE ORIGINAL COMPLAINT UNDER SEAL |

I, RICHARD V. VERMAZEN, declare as follows:

1. I am an attorney for Plaintiffs Richard D. Emmerson and M. Helen Emmerson in the above-captioned matter. This declaration is filed in support of Plaintiffs' Ex Parte Application to File First Amended Complaint with Confidential Information Redacted and to Place Original Complaint under Seal.

2. Neither the Defendant United States of America nor Defendant's Counsel has been contacted regarding this ex parte application because neither Plaintiffs nor Plaintiffs' Counsel not

know who will be acting as Defendant's Counsel.  Nevertheless, Plaintiffs anticipate that Defendant would not object to the granting of this ex parte application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of August 2008 at San Diego, California.


By: s/ Richard V. Vermazen
     Richard V. Vermazen,
     Attorney for Plaintiffs

G:\5000s\5261\03 District Court\Declaration in Support of Ps' Ex Parte Application.doc

DECLARATION OF RICHARD V. VERMAZEN IN
SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION TO
FILE FIRST AMENDED COMPLAINT AND TO
PLACE ORIGINAL COMPLAINT UNDER SEAL        2                 Civil No. 08 CV 1439 W WMc